Argued June 7, modified November 22, 1967

## WILLIAMS, *Respondent, v.* WILLIAMS, *Appellant.*

433 P. 2d 615

*Howard R. Hedrick,* Portland, argued the cause and filed a brief for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN and HOLMAN, Justices.

McALLISTER, J.

The defendant, Willard H. Williams, appeals from an order denying his motion to terminate his obligation to pay alimony to the plaintiff.

The parties were divorced in Multnomah county by a decree entered April 23, 1963. At that time plaintiff was 53 years of age, and defendant was two years younger. They had been married about 26 years and had two grown children. The court found "that neither party was completely free from fault," but granted plaintiff a divorce and awarded her:

  (1) The family home, worth from $14,000 to $16,500, subject to a mortgage of $3,600, which plaintiff assumed;
  (2) All of the household goods and furnishings, except a desk, a television set, and some linens;
  (3) A paid-up insurance policy worth between $1,000 and $1,700;
  (4) The family automobile, a 1955 Chevrolet; and
  (5) Permanent alimony of $100 per month.

Defendant was also required to pay plaintiff's attorney fees and costs amounting to about $500. The defendant apparently had no accumulation of funds and was left with nothing but his personal effects, including the desk and television set.

At the time of the divorce the defendant was employed as a salesman of truck parts and earned about $600 per month. In September, 1963, defendant was hospitalized for surgery and as a result was off work for five months. During that period defendant received only half of his normal salary, and incurred some hospital and medical expense not covered by his insurance. In May, 1964, defendant was hospitalized on account of an injury and was off work for about

two months. When he reported for work about July 1, 1964, he was laid off.

A month and a half later he went to work for another firm at about $100 per month less than he had formerly earned. In March, 1965, defendant was fired, because, according to defendant, his wages were garnished by plaintiff. Plaintiff denies that the firing was the result of the garnishment, but, in any event, defendant was fired and out of work for about five months. From August, 1965, until May, 1966, defendant worked intermittently and for part of that period was self-employed.

From May 4, 1966, until the hearing of this matter in the trial court on June 30, 1966, defendant was again employed as a salesman and was earning $75.62 per week take-home pay. Defendant did not own a car and had to rent one at a cost of $81 per month. Defendant testified that his minimum monthly expense amounted to $323.30, including rent of $125 per month; car rental $81; groceries, including his lunches, $75; and other miscellaneous expense.

At the time of the hearing in the court below defendant owed accumulated alimony of $2,023.37 and $1,791 to other creditors, for a total indebtedness of $3,814.37. His net income was $327.48 per month and was about equal to his minimal monthly expenses.

Plaintiff had not been employed during her marriage to defendant except as a baby-sitter. After the divorce, however, plaintiff took some job training and secured employment. At the time of the hearing in the court below she had been employed for about two years in a drug store and was earning a gross wage of $80 per week. She still had the home, the automobile, the insurance policy, and a savings account, and testified that she was "living within her income."

Defendant had compounded his financial problem by remarrying within three months of his divorce. His present wife does not work except to keep records for a bowling league, for which she receives a small amount of cash and free bowling for herself and defendant.

Giving due weight to the findings of the trial judge, we think an objective appraisal of the record indicates that the defendant is entitled to some relief. Defendant is simply not able at present to pay plaintiff $100 per month, and this has been recognized by the trial court. On May 19, 1965, a prior motion to terminate alimony was denied, and defendant was held in contempt, but allowed to purge himself of the contempt by paying $50 per month for six months, after which he was to resume paying $100 per month. On February 9, 1966, defendant was again held in contempt and sentenced to 90 days in jail, but again the imposition of the sentence was suspended on the condition that defendant pay $50 per month. Plaintiff was by the same order enjoined from garnishing defendant's wages.

We conclude that plaintiff's alimony should be reduced to $50 per month effective June 23, 1966, when defendant's motion to eliminate alimony was filed. This reduction will give defendant some chance to pay the current alimony, as well as some incentive to do so and to clear up his accumulated indebtedness. It will also permit the trial court to make such further modification in the future as the circumstances of the parties warrant.

The order of the trial court is modified to provide for the reduction of plaintiff's alimony to $50 per month, effective June 23, 1966. Neither party shall recover costs in this court.